## Sam Berg *v.* The State.

1. THEFT BY FALSE PRETEXT.—If, in a trial for theft, it appear that the taking was lawful, but was obtained by false pretext, or with intent to deprive the owner of the value of the property, and appropriate it to the use of the taker, the proof must go a step further, and show such an appropriation by the taker; otherwise, the offense of theft was not complete.

2. SAME—CASE IN JUDGMENT.—Accused hired a horse on the pretext of wanting him to ride to a designated place, at a short distance, and engaged to return him in an hour. Instead of going to the place designated, he rode the horse in a different direction, and to a much more distant place, where he left him in a public stable, and himself went elsewhere. *Held,* that these facts do not sustain a conviction for theft of the horse; they fail to show such an appropriation of the property as is necessary to make out the charge of theft under the Code of this state.

3. THEFT—INDICTMENT.—Under an indictment which charges theft by a wrongful taking, against the owner's consent, proof is competent that the taking was with such consent, but obtained by false pretext, or with intent to deprive the owner of his property, and appropriate it to the use of the taker; upon which, with further proof of such an appropriation, a conviction may be had, notwithstanding the form of the indictment. *Marshall* v. *The State,* 31 Texas, 471, has been overruled.

APPEAL from the District Court of Bexar. Tried below before the Hon. GEORGE H. NOONAN.

The case is fully disclosed in the opinion.

*E. Altgelt*, for the appellant.   The indictment is a good indictment for theft, but is insufficient and bad under Paschal's Digest, Article 2385, because there is no allegation of a false pretext, or a felonious intent, at the time the appellant borrowed the mare.   The false pretext, or intent of subsequently depriving the owner of the value of the property so acquired, forms the most essential part of this offense ; if it was not for that intent, the whole transaction would simply amount to a trespass—a breach of trust.

In order to convict a party charged with theft, there must be alleged and proved that the property was taken without the consent of the owner, or that it was taken with his consent, but under false pretext, and intent of subsequently to deprive, etc.

The one offense is different from the other, and the pleader cannot set out in the indictment the one offense, and on the trial prove the other.

Whatever is necessary to be proved must be alleged.   Article 399 of Criminal Procedure (Pasc. Dig., Art. 2866) requires that, where a particular intent is a material fact in the description of the offense, it must be stated in the indictment.

The indictment charges a different offense than that the state tried to affix on the appellant, and the court below erred in not granting him a new trial.

We respectfully call the attention of the court to the decision of our supreme court in *Marshall* v. *The State*, 31 Texas, 471.

*George McCormick*, Assistant Attorney General, for the State.

WINKLER, J.   "Theft is the fraudulent taking of corporeal personal property, belonging to another, from his possession, or from the possession of some person holding the

same for him, without his consent, with intent to deprive
the owner of the value of the same, and to appropriate it
to the use or benefit of the person taking." Penal Code,
Art. 745 (Pasc., Dig., Art. 2381).

The general rule is that " the taking must be wrongful, so·
that, if the property came into the possession of the person
accused of theft by lawful means, the subsequent appropri--
ation of it is not theft."

" But if the taking, though originally lawful, was obtained·
by any false pretext, or with an intent to deprive the owner·
of the value thereof, and appropriate the property to the
use and benefit of the person taking, and the same is so·
appropriated, the offense of theft is complete." Penal·
Code, Art. 748 (Pasc. Dig., Art. 2385).

Where the taking is originally lawful, the Article of the
Code·quoted above requires, not only that the possession be·
obtained by means of some false pretext, or with an intent.
to deprive the owner of the value thereof, and appropriate
the property to the use and benefit of the person taking, but.
also that, in order to render the offense complete, the prop--
erty must *be so appropriated*, as set out in the Article quoted.

In order to a proper understanding of this opinion, the
following extract is taken from the testimony of the prose--
cuting witness. He says : " I know the defendant ; he came.
to my stable on the morning of the 23d of last August (1875)
and said he wanted to hire a horse to ride to the San Pedro·
springs, and would be gone from an hour to an hour and.
a-half. I had the bay mare saddled up for him, and he rode off.
Before leaving, he asked me if it made any difference if he
paid me then or on his return. I told him that it made no
difference. He had a bundle in his hand, and asked if he
could leave it until his return. I told him he could ; he left
the bundle on my desk. I waited for the defendant to
return until about noon. I then went to see if I could find
him or hear anything of him. I found he had not been to·

the San Pedro springs at all that day.    I could not find him anywhere.    I did not see him again until after he was arrested and brought back from Austin.    In eight or ten days after the defendant got the mare, I received a telegram from New Braunfels, from a friend of mine, stating that my mare was there, in the stable of a boarding-house or hotel.    I sent for the mare and recovered her.    The defendant had left New Braunfels and gone on to Austin.    The mare is now in my possession.    *    *    *    I never authorized the defendant to ride the mare to New Braunfels, or any other place than San Pedro springs.    This mare was worth seventy-five dollars. *    *    *    All this transaction took place in this [Bexar] county, in August of the present year'' [1875].

One other witness testified in the case, who corroborated the statements of the prosecuting witness as to the circumstances under which the accused obtained the mare, and the purpose for which he said he wanted a horse—namely, to ride to San Pedro springs.    This is substantially the testimony, so far as it relates to the connection of the accused with the mare, and the circumstances under which he obtained possession of her.

One of the grounds of the motion for a new trial is set out in the motion, as follows:    "Because the verdict of the jury was contrary to the law and contrary to the evidence."

If one person hire or borrow of another a horse or other animal to ride, the possession acquired in such a manner would be a lawful possession ; but if such possession was obtained by the use of any false pretext, by which the owner was misled or deceived, and induced to part with the possession of his property, and with the intent mentioned, this would not amount to theft unless the taker of the property thus acquired would go one step further, and make an appropriation of the property so taken to the taker's use and

benefit, which might be done in various ways known to the law, so as to deprive the owner of its value.

In the present case, whilst the evidence shows that the accused obtained the possession of the mare under the false pretext of wishing to ride to the San Pedro springs, and that he did not go to the place mentioned, but instead went to another and different place, and to a greater distance from the place where he obtained the animal, and from which the jury might well have found that, either at the time or soon after he obtained possession, he intended to fraudulently appropriate the property to his own use, and thus deprive the owner of its value, still, the possession having been obtained with the consent of the owner, he cannot legally be convicted of the theft of the mare, for the reason that the evidence does not show an appropriation of the property, which is an indispensable ingredient of the offense of theft of property, the possession of which is thus acquired.

Interpreting the intentions of the accused by his acts and conduct in relation to the animal in question, the proof, we think, tends to show an intention to ride to a different place than the one mentioned when he hired the mare rather than an intent to appropriate the property to his own use, or to permanently deprive the owner of its value—to steal a ride rather than to steal the animal. There is no proof that an appropriation, in contemplation of law, was made of the property, nor proof of any fact or circumstance which would have authorized the jury to infer that such appropriation was made.

The case would, doubtless, have been different if the party had been taken with the property in his possession, and conveying it in a different direction, or to a greater distance, than was made known to the owner at the time he parted with the possession, as, in that event, the jury might well have inferred from the conduct of the accused an

intent to deprive the owner of his property or its value, and have interpreted his acts as an appropriation ; but, when it is shown that he had parted with the property under such circumstances as tend to show an absence of an appropriation, the verdict was contrary to the law and the evidence. We hold, therefore, that the court erred in refusing a new trial, and for this error the judgment must be reversed.

On the trial below, an instruction was asked, by the counsel for the accused, to be given to the jury which embraced a correct principle of law applicable to the case, and which was refused by the court.  In this we find no error, for the reason that the substance of the charge asked and refused was given in the main charge of the court.  In view of another trial, however, and the peculiar facts of this particular case, should the evidence still be the same, the court might well give more prominence in its charge to the subject of an appropriation of the property, which is, we think, the vital point in the case.

Counsel for the appellant insist, in argument, that the indictment in the case is insufficient to support a conviction, under the peculiar circumstances of the case as developed by the evidence, and whilst it is conceded that it would be sufficient to charge an ordinary theft, yet, inasmuch as the proof shows the original taking to have been lawful, and could only have become criminal on account of the intention and subsequent acts of the accused, the indictment should have stated the facts as they existed ; and, in support of this proposition, we are referred to the case of *Marshall* v. *The State*, 31, Texas, 471.   In reply to this position, we deem it sufficient to say that in more recent decisions the ruling in Marshall's case has not been followed, either by the supreme court or by this court.

We regard the law as being settled against the position contended for.   It is sufficient for the indictment to charge theft in the usual form, and under such an indictment proof

could be admitted of a fraudulent appropriation of property the possession of which had been lawfully acquired, but under circumstances otherwise amounting to theft. The subject is one of proof, not of pleading. See *Maddox* v. *The State*, 41 Texas, 206, and authorities there cited.

For reasons above stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*